Dear Mr. Leonard:
I am in receipt of your opinion request wherein you seek an Attorney General's opinion in reference to the following question:
 May the Personnel Board of the Parish of St. Mary, upon a grievance being filed with it by an employee, grant a raise in compensation to that employee?
You state that an employee in St. Mary Parish has filed a grievance and you cite the following facts:
 The employee filing the grievance was hired on June 18, 1992, as supervisor of the Food Stamp Issuing Office at a rate of pay of $6.64/hr. She has received merit increases on 2 occasions and a third increase with the revision of the Personnel Ordinance. She is currently compensated at the rate of $8.09 per hour. Her grievance in (sic) that she does not make as much money as some other supervisors. i.e. Public Works Supervisors, Solid Waste Disposal Plant Supervisor, Parish Buildings and Maintenance Supervisor.
In a letter dated March 27, 1995 to the St. Mary Parish Government, you stated that you are of the opinion that since the starting salaries as well as merit increases of all supervisors are provided by Parish ordinance, the Personnel Board does not have the authority to adjust salaries of employees.
As indicated in your letter, St. Mary Parish is governed by a Home Rule Charter. You cite Article IV Section 4.08F of St. Mary Parish's Home Rule Charter which states the following:
The personnel board will:
 (1) Hold hearings on dismissals, demotions and other disciplinary matters as may be provided in the rules. The decision of the personnel board in these matters shall be final.
 (2) Perform such other quasi-judicial duties as may be required under the rules developed pursuant to this section.
You obviously cite this provision of St. Mary Parish's Home Rule Charter to show that authority given to the personnel board does not include the authority to grant merit raises.
You state that Section III provides that raises in pay are provided on a merit basis and are to be determined by the Director of Finance of the Parish. Section III-1 No. 4 pertaining to salary administration states:
 Supervisors are responsible for conducting a compensation review (in most cases, this is done when the employee performance appraisals are done) with each employee at least annually. Compensation decisions should be based on performance, length of service and budget considerations.
The organization chart in St. Mary Parish Ordinance Number 1043 illustrates that the Director of Finance is the Supervisor of the Food Stamp Supervisor. Therefore, the ordinance seems to indicate that the Director of Finance would determine if the Food Stamp Supervisor should receive a merit increase. However, it appears that there would be some situations that would occur when it would be appropriate for an employee to file a grievance involving his or her failure to receive a merit raise. Ordinance 1261 Section IX-4(1) provides examples of situations which may be appropriate for grievances to be filed. They include:
 (a) A belief that Parish policies, practices, rules, regulations, or procedures have been applied in a manner detrimental to an employee;
 (b) Treatment considered unfair by an employee, such as coercion, reprisal, harassment, or intimidation;
 (c) Alleged discrimination because of race, color, sex, age, religion, national origin, marital status, or handicap; and
 (d) Improper or unfair administration of employee benefits or conditions of employment such as scheduling, vacations, fringe benefits, promotions, retirement, holidays, performance review, or seniority.
If the employee's grievance for failure to receive a merit increase is determined by the Personnel Board to be one of the reasons as listed above or a valid reason pursuant to the policy pertaining to grievance procedures then it would be an appropriate matter for the Personnel Board to review.
The Home Rule Charter was adopted pursuant to La. Const. Art.VI, Sec. 5 (1974) and thus derives its existence directly from the constitution rather than being a creation of the legislature. La. Const. Art. VI, Sec. 5(E), established structure and organization; powers; functions of a Home Rule Charter.
 A Home Rule Charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
La. Const. Art. VI, Sec. 6(1974) protects the powers delegated by the constitution to home rule governments:
 The legislature shall enact no law the effect of which changes or affects the structure or organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a Home Rule Charter.
The Louisiana Supreme Court through Justice Dennis in Francisv. Morial, 455 So.2d 1168 (La. 1984) observes:
 The Louisiana Constitution of 1974 delegates powers and functions to Home Rule Charter
governments and grants them the discretion to deploy their powers and functions on the local level. The legislature by a general law may deny or revoke the initial delegation of Home Rule powers and functions; no law may revoke, change or affect a Home Rule government's discretion to deploy its powers and functions, however, unless it is necessary to prevent an abridgement of the reasonable exercise of the state's police power.
and at page 1117 holds:
 Consequently, a Home Rule Charter government possesses, in affairs of local concern, powers which within its jurisdiction are as broad as that of the state, except when limited by the constitution, or its own Home Rule Charter.
There does not appear to be any statutory or constitutional provision that specifies who is to determine merit raises of parish and city employees that are not civil service employees. Ms. Tammy Charpentier, the Director of the St. Mary Parish Government, indicated that these employees are not civil service employees. There are specific rules and regulations that apply to civil service employees. (Please see the Louisiana Constitution Article 10 Section 10).
Therefore, it appears that St. Mary Parish Home Rule Charter and Ordinance 1261 designates Ms. Cynthia Verrett's Supervisor, who is the Director of Finance, the sole responsibility to grant merit increases. Since Ms. Verrett is not a civil service employee, this provision does not appear to be in conflict with any statutory or constitutional provision. However, if it is determined by the Personnel Board that this employee's grievance is based on one of the reasons as listed in Ordinance 1261 Section 1X-4(1) or a valid reason pursuant to the grievance policy, then it would appear that the matter would be an appropriate matter for the Personnel Board to review.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON Assistant Attorney General